UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| DWAYNE A. BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-16 |
| | ) | |
| v. | ) | Honorable David W. McKeague |
| | ) | |
| JOHN E. POTTER, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

    Plaintiff has filed a "Motion for Judgment by Default" (docket # 18) for an entry of default judgment against defendant for failure to file a response to the complaint. When a defendant has failed to plead or otherwise defend as provided by law, plaintiff must first seek the entry of a default under Fed. R. Civ. P. 55(a). The entry of a default under Rule 55(a) is a prerequisite to obtaining a default judgment under Rule 55(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Plaintiff's motion for the entry of a default judgment is therefore out of order, because he did not take the proper first step of seeking the entry of a default from the Clerk of the Court. *See Dahl v. Kanawaha Inv. Holding Co.*, 161 F.R.D. 673, 683 (D. Iowa 1995). In such circumstances, a motion for default judgment is properly considered as a motion for the entry of default pursuant to Rule 55(a). *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

    Plaintiff's motion states that defendant "did fail to file its response to the plaintiff's complaint within the time period set by Fed. R. Civ. P. 12(a) and this court ordered extension of time." The court record reflects that defendant was given an extension of time until May 13, 2005,

in which to respond to the complaint and that defendant did in fact file his motion to dismiss on that date. Therefore, defendant is not in default. Accordingly:

IT IS ORDERED that plaintiff's Motion for Judgment By Default, construed as a motion for entry of default against defendant (docket # 18), be and hereby is DENIED.

DONE AND ORDERED this 19th day of May, 2005.

/s/ Joseph G. Scoville
United States Magistrate Judge