UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DWAYNE A. BOWMAN,                  )
                                   )
                Plaintiff,         )        Case No. 1:05-cv-16
                                   )
v.                                 )
                                   )
JOHN E. POTTER,                    )        **REPORT AND RECOMMENDATION**
                                   )
                Defendant.         )
_____)

This is a civil action brought *pro se* by an employee of the United States Postal

Service against the United States Postmaster John E. Potter.  On July 24, 2003, plaintiff filed

Administrative Charge 4J-493-0076-03, asserting that (1) on February 28, 2003, false information

was included in his PS Form 3971; and (2) that on March 25, 2003, plaintiff was not permitted to

use a typewriter.  Plaintiff alleges that these actions by defendant constituted unlawful employment

discrimination on the basis of race, color, sex, and religion in violation of Title VII.  The matter is

before me on defendant's Rule 12(b)(6) motion to dismiss.  (docket # 14).  Upon review, I

recommend that defendant's motion be granted.


**Applicable Standards**

Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations of the

complaint.  *See Pratt v. Ventas, Inc.*, 365 F.3d 514, 519 (6th Cir. 2004).  The court must construe

the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Flaim v. Medical College of Ohio*, 418 F.3d 629, 638 (6th Cir. 2005); *Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir. 2003). While the standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005); *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *City of Monroe Employees Ret. Sys. v. Bridgestone, Inc.*, 399 F.3d 651, 665 (6th Cir.), *cert. denied*, __ S. Ct. __, (U.S. Oct. 11, 2005)(No. 05-168). Courts are not required to conjure up unpleaded allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Hall v. Beast*, 116 F. App'x 557, 559 (6th Cir. 2004). The court need not accept as true legal conclusions or unwarranted factual inferences. *See Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003); *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "In practice, a '. . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *see Mezibov*, 411 F.3d at 716; *Fidel v. Farley*, 392 F.3d 220, 226 (6th Cir. 2005).

Plaintiff elected to support his complaint with exhibits. Those exhibits have been considered in evaluating defendant's motion to dismiss, but have not converted the defendant's motion to dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 10(c); *Benzon v.*

*Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 603-04 (6th Cir. 2005); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("'In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'") (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)); *see also Never Tell Farm, LLC v. Airdrie Stud, Inc.*, 123 F. App'x 194, 197 (6th Cir. 2005).

## Facts

Plaintiff is employed by the United States Postal Service in the Grand Rapids, Michigan processing and distribution center as a full-time mail processing clerk.  On April 10, 2003, plaintiff contacted the EEO office claiming two instances discrimination on the basis of race, color, sex, and in retaliation for prior EEO activity:

(1)     On February 28, 2003 when false information was furnished on his PS 3971; and
(2)     On March 25, 2003, when he was not permitted to use a typewriter for his EEO complaint.

After informal efforts to resolve plaintiff's concerns proved unsuccessful, plaintiff filed a formal complaint.  On June 14, 2004, the Agency issued its final decision.  It determined that plaintiff failed to allege a *prima facie* case of unlawful discrimination, and even if plaintiff had established a *prima facie* case, he failed to rebut the legitimate non-discriminatory reasons for defendant's actions.  On the claim that false information had been recorded on a PS 3971 form,[1] the evidence showed that a data-entry mistake had been made, and that the error had subsequently been  corrected through a pay adjustment.  On the typewriter claim, the evidence showed that the typewriter in question had been

---

[1] The PS Form 3971 attached to plaintiff's complaint shows that the form is a "Request of Notification of Absence."

located outside plaintiff's work area.  It was in a sensitive area, the personnel department.  It was against Postal Service postal policy to allow employees not assigned to the personnel department to use that department's equipment.  Plaintiff failed to demonstrate that either action by defendant constituted a pretext for discrimination.  Plaintiff appealed the Agency's final decision to the EEOC.  On October 7, 2004, the EEOC affirmed the Agency's decision.  Plaintiff received his right-to-sue letter on October 12, 2004 (docket # 1, ¶ 12).  He filed a timely lawsuit in this court asserting that defendant's actions constituted unlawful discrimination in violation of Title VII on the basis of race, color, sex, and religion.[2]

### Discussion

Plaintiff's complaint fails to state a claim upon which relief can be granted because he has not alleged any materially adverse employment action taken by defendant.  Petitioner's lawsuit is based upon a denial of a request to use a typewriter located in the personnel office and a data entry error that was ultimately corrected.  In a recent *en banc* decision, the Sixth Circuit examined the "materially adverse employment action" component of a *prima facie* case of employment discrimination and explained why *de minimis* actions by an employer do not suffice:

> [N]ot just any discriminatory act by an employer constitutes discrimination under Title VII.  *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)(citing cases requiring "tangible employment action" to support a Title VII claim).  Employment actions that are *de minimis* are not actionable under Title VII.  *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000).  "If every low evaluation or other action by an employer that makes an employee unhappy or resentful were considered an

---

[2]There is no need to address the issue whether plaintiff's religious discrimination claim based on the same two incidents fell outside the scope of his administrative charge, s*ee Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546-47 (6th Cir. 1991), because the underlying employment actions forming the basis of plaintiff's complaint are *de minimis*, and inadequate to support any Title VII claim.

adverse action, Title VII would be triggered by supervisor criticism or even facial expressions indicating displeasure. *Primes v. Reno*, 190 F.3d 795, 767 (6th Cir. 1999).

> To prevent lawsuits based on trivial workplace dissatisfactions, we require that a plaintiff prove the existence of an adverse employment action to support a Title VII claim. *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999)(defining "adverse employment action" as a "materially adverse change in the terms and conditions of [plaintiff's] employment").
>
> * * *
>
> In *Kocis v. Multi-Care Management, Inc.*, [97 F.3d 876, 885 (6th Cir. 1996)], . . . this court held that a plaintiff claiming employment discrimination must show that []he suffered "a materially adverse change in the terms of [his] employment." *Id.* at 885 (citing *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883 (7th Cir. 1989), which involved an age discrimination claim). A "mere inconvenience or an alteration in job responsibilities" or a "bruised ego" is not enough to constitute an adverse employment action.

*White v. Burlington Northern & Santa Fe R.R.*, 364 F.3d 789, 795, 797 (6th Cir. 2004)(*en banc*), *petition for cert filed*, 74 U.S.L.W. 3130 (U.S. Aug 11, 2005)(No. 05-259). The Court of Appeals has consistently held that *de minimis* employment actions are not materially adverse and, thus, are not actionable under Title VII. For example, in *Bowman*, the Sixth Circuit determined that a plaintiff's ten-day loss of his position as coordinator did not qualify under this standard. 220 F.3d at 461-62; *see also Jacklyn v. Schering-Plough Health-Care Products Sales Corp.*, 176 F.3d 921, 930 (6th Cir. 1999) ("[N]either requiring plaintiff to work at home while she was recovering from out-patient surgery, nor rejecting computer expenses that previously had been approved, were materially adverse employment actions."); *accord Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 182-83 (6th Cir. 2005) (applying the same standard in the ADEA context).

The two events complained of by plaintiff are trivial and did not involve a diminishment in pay, employment status, or terms and conditions of employment. They are appropriately deemed *de minimis* under the cited Sixth Circuit cases. Because plaintiff has not

alleged a materially adverse employment action, I recommend that defendant's motion to dismiss be granted.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that defendant's Rule 12(b)(6) motion be granted and that plaintiff's complaint be dismissed.

Dated:   October 12, 2005                           /s/  Joseph G. Scoville
                                                                  United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).