UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

| | | |
|---|---|---|
| DWAYNE A. BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-16 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JOHN E. POTTER, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action brought *pro se* by an employee of the United States Postal Service against the United States Postmaster John E. Potter.  On October 12, 2005, a magistrate judge issued a report and recommendation (docket # 28), recommending that defendant's Rule 12(b)(6) motion to dismiss (docket # 14) be granted because plaintiff had not alleged any materially adverse employment action taken by defendant.  Plaintiff filed objections to the report and recommendation (docket # 30), and the matter is before the court for *de novo* review pursuant to 28 U.S.C. §636(b) and Rule 72(b) of the Federal Rules of Civil Procedure.

The failure to file specific objections to a magistrate's report and recommendation generally constitutes a waiver of those objections, and a general objection is treated as a failure to object.  *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004).  Plaintiff's objections, to the extent that they are intelligible, are trivial. Plaintiff asserts that he made a mistake in his administrative charge, and that "device" he was not permitted to use on March 25, 2003, should have been identified as a "U.S. Government

computer system," not a typewriter.  This belated distinction is inconsequential.  Assuming that plaintiff's complaint and the underlying administrative charge had been amended as plaintiff now suggests, the complaint would still fail to allege a materially adverse employment action taken by defendant.  Plaintiff also states that, in his view, the presence of inaccurate or false information on a February 28, 2003 PS Form 3971 constituted a moral wrong.  This objection does nothing to alter the fact that plaintiff's complaint fails to allege a materially adverse employment action.

## **Conclusion**

For the reasons stated, plaintiff's objections will be overruled, the magistrate judge's report and recommendation will be adopted as the court's opinion, defendant's Rule 12(b)(6) motion will be granted, and plaintiff's complaint will be dismissed.


Date:   November 2, 2005             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE